UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| DEBBIE PITTMAN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HAZEL AND OLIVE, INC.,<br><br>    Defendant. | Case No. 1:25-cv-07791 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Plaintiff submits this response to Defendant's Motion to Strike in accordance with the Court's January 14, 2026 Minute Order [Dkt. 37]. Plaintiff recognizes the Court's concerns and responds with full candor and respect.

### I.    ACKNOWLEDGMENT OF ERROR AND RESPONSIBILITY

Plaintiff acknowledges and takes full responsibility for the inclusion of inaccurate citations in the response filed at Dkt. 32. Those citations should not have appeared. Counsel regrets the error and recognizes the seriousness of submitting inaccurate authority to the Court.

The response cited Wu v. Jensen and Carter v. AMC, Inc. Neither case exists as cited, and neither should have been included. The case names and accompanying quoted language were generated during the drafting process using AI-assisted drafting tools. They were treated as draft placeholders and should have been independently verified against primary sources before filing. That verification step failed for these two citations, resulting in the inadvertent inclusion of non-existent cases and quotations in the filed response. This was a breakdown in counsel's citation-

verification process, not an intent to mislead the Court. Counsel is embarrassed that this occurred and accepts responsibility for the lapse.

Plaintiff withdraws any reliance on those authorities, and no argument in the stricken response depends on them. Plaintiff provides this explanation fully and candidly to address the Court's concerns.

## II. THE ERROR WAS NOT COMMITTED IN BAD FAITH OR TO RUN UP FEES

The inclusion of the inaccurate citations was not intentional and was not undertaken to mislead the Court or to multiply proceedings. Once identified, Plaintiff did not attempt to defend or rely upon the inaccurate citations, and the Court has struck the response.

Defendant contends that Plaintiff's counsel acted in bad faith to increase litigation costs. The record does not support that allegation. Plaintiff has not served discovery, has not sought attorneys' fees or sanctions, and has not engaged in motion practice designed to increase costs. Plaintiff amended the complaint once as of right, which is procedurally proper. Other than Defendant's motion to strike, no proceedings were multiplied as a result of the error. The record reflects negligence, not bad faith.

## III. CORRECTIVE MEASURES

Plaintiff has taken this matter seriously and has implemented corrective measures to prevent a recurrence. These corrective measures were implemented with the direct involvement and oversight of firm leadership. Going forward, no citation or quotation will be included in any filing unless it has been independently verified against the underlying opinion in Westlaw or Lexis prior to submission.

## IV. PROPORTIONALITY AND APPROPRIATE SCOPE OF ANY SANCTIONS

The Court has already imposed a meaningful remedial measure by striking Plaintiff's response at Dkt. 32. Defendant requests dismissal of the action and other severe sanctions, but such relief would punish the client for counsel's error and would be disproportionate under the circumstances, particularly where the error has been acknowledged, corrected, and did not materially prejudice Defendant's ability to litigate this matter.

If the Court determines that a sanction is warranted, Plaintiff respectfully submits that a warning or admonition directed to counsel would be sufficient and proportionate in light of the isolated nature of the error, the absence of bad faith, and the corrective steps undertaken.

## V.    CONCLUSION

Plaintiff respectfully requests that the Court resolve this matter in a manner it deems appropriate and proportionate under the circumstances. Plaintiff submits this response in the spirit of candor and remediation, and with full respect for the Court's role in safeguarding the integrity of the judicial process.

Respectfully submitted,

January 20, 2026

Plaintiff DEBBIE PITTMAN,
By: */s/ David B. Reyes*
David B. Reyes
Equal Access Law Group PLLC
68-29 Main Street
Flushing, NY 11367
Tel: (718) 554-0237
*dreyes@ealg.law*
Counsel for Plaintiff